

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 31, 1961

Honorable Jerry Sadler                    Opinion No. WW-1100
Commissioner
General Land Office                       Re:  Whether it is necessary
Austin, Texas                                  for the Legislature to
                                               pass an Act legally
                                               designating a portion of
                                               the State Archives and
                                               Library Building as
Dear Mr. Sadler:                               the General Land Office.

        You have requested an opinion concerning the
question of:

        ". . . whether it would be necessary
        for the Legislature to pass an Act
        during the Special Session legally
        designating a portion of the above
        referred to building as the General
        Land Office of the State of Texas,
        or could the Board of Control by
        declaration declare a portion of the
        building to be officially the General
        Land Office?"

        Your letter mentions that certain statutes
of this State specifically require certain meetings
to be held in the General Land Office as well as
requiring the filing of certain instruments, documents
and the like with the General Land Office.  For
examples you quoted from the following statutes.

        The requirement in Article 5421c-3, paragraph
5, Vernon's Civil Statutes that:

        "The School Land Board shall
        meet, on the first and third Tuesdays
        of each month in the General Land
        Office, where its sessions shall be
        held . . ."  (Emphasis added.)

        The requirement in Article 5421, Sec. 25,
Vernon's Civil Statutes that:

> "The Board (Veterans Land Board)
> shall meet, when necessary, on the
> first and third Tuesdays of each
> month in the General Land Office,
> where its sessions shall be held
> . . ." (Emphasis added.)

The requirement in Article 5277, Vernon's Civil Statutes that:

> ". . . The field notes and plats of
> public land made by any licensed state
> land surveyor affecting the lines,
> boundaries, and areas of such land
> shall be forwarded to the General
> Land Office . . ." (Emphasis added.)

As to whether or not the Constitution and statutes of this State contemplated the General Land Office being housed in a building other than the General Land Office Building, Article XIV, Sec. 1, of the Texas Constitution, provides in part that:

> "There shall be one General Land
> Office in the State, which shall be
> at the seat of government, . . ."

Article 5261, Vernon's Civil Statutes, provides that:

> "There shall be one general
> land office at Austin, . . . The term
> 'land office,' as used in this title
> shall mean the General Land Office
> of this State."

Article XIV, Section 1, of the Texas Constitution, quoted above, provides for the establishment of a state agency to be designated the General Land Office, and specifies that such agency shall be located at the seat of government. Article 5261 likewise provides for the establishment of a state agency to be designated the General Land Office, and provides that such agency shall be located at Austin.

We are of the opinion that the terminology "General Land Office" as used in Article XIV, Section 1, of the Texas Constitution, and Article 5261, Vernon's Civil Statutes, refers to the name conferred upon this

state agency and is not a designation of the specific location of the agency. Neither Article XIV, Section 1, of the Texas Constitution nor Article 5261, specifies a particular location for this state agency other than that it shall be located at the "seat of government" and "Austin." This constitutional and statutory requirement is met regardless of whether the actual office space occupied by the General Land Office is located in the old Land Office building or the State Archives and Library Building. Such being the case, the statutory requirements that certain meetings be held in the General Land Office are met when such meetings are held in the facilities occupied by such agency. The same would be applicable as concerns the filing of certain instruments, documents, and the like with the General Land Office.

In turn we are of the further opinion that there would be no necessity for the Board of Control to declare, by declaration, a portion of the State Archives and Library Building to be officially the General Land Office for the reason that Article 678m-2, Vernon's Civil Statutes provides that:

> ". . . the Legislature may appropriate money from the Motor Vehicle Inspection Fund for the purpose of constructing and initially equipping a building to be known as the 'State Archives and Library Building' to house the State Library and the State Archives, Museum and Land Office, . . ." (Emphasis added.)

We are therefore of the opinion that it would not be necessary for the Legislature to pass an Act designating a portion of the State Archives and Library Building as the General Land Office.

### S U M M A R Y

It is not necessary for the Legislature to pass an Act legally designating a portion of the State Archives and Library Building as the General Land Office.

Yours very truly,

Honorable Jerry Sadler, page 4 (WW-1100)

WILL WILSON
Attorney General of Texas

PB:lgh

By_____
Pat Bailey
Assistant

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Grundy Williams
Thomas Burrus

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt